

**FILED**

JAN - 2 2008

**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

Nasim Ahmed,                      )
(A95 515 159),                    )
    Plaintiff,                )
                                   )
v.                                )
                                   )
Michael Chertoff, Secretary,      )
Department of Homeland Security,  )
Robert Mueller, Director, Federal Bureau )
of Investigation, Robert Aguilar, )
Commissioner, Citizenship & Immigration )
Services, Ruth Dorochoff,         )
District Director,                )
Citizenship & Immigration Services, )
Defendants.                       )

**08CV1
JUDGE KENDALL
MAG. JUDGE DENLOW**

### PLAINTIFF'S ORIGINAL COMPLAINT
### FOR WRIT IN THE NATURE OF
### MANDAMUS

Plaintiff Nasim Ahmed complains of the Defendants as follows:

1. This action is brought against the Defendants to compel action on an application for lawful permanent resident status properly filed by the Plaintiff. The application was filed and remains within the jurisdiction of the Defendants, who have improperly withheld action on said application to Plaintiff's detriment, for over five and one half (5 ½) years.

1

## PARTIES

2. Plaintiff Nasim Ahmed is a 34 year old native and citizen of Bangladesh. He entered the United States in 1999 as an H 1 B1 worker. Since his arrival in 1999, Plaintiff has been lawfully employed as a software engineer, most recently working at the Chicago Board of Trade. Plaintiff has been married to a United States Citizen since June 19, 2000, and has two United States Citizen children born of the marriage, on March 12, 2002, and December 17, 2004. Plaintiff was initially authorized employment under the terms of his nonimmigrant visa status. Upon filing for lawful permanent resident status in 2001, he has been employed as authorized by federal regulation. 8 CFR §274a.12(c)(9). Plaintiff has continuously maintained lawful nonimmigrant status in the United States while awaiting action by the Defendants.

3. Plaintiff's United States Citizen wife filed an I 130 petition for an immigrant visa for him in November 2001, concurrently with his filing his I 485 application for adjustment of status to permanent resident. His wife's petition has been approved, but his application remains pending and unadjudicated, for over five and one-half years.

4. Defendant Chertoff is Secretary of the Department of Homeland Security, and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the Department of Homeland Security. 8 USC §1103(a). More specifically, the Secretary is responsible for the adjudication of applications for adjustment of status filed pursuant to §245 of

the Immigration and Nationality Act (INA), 8 USC §1255. Defendant Aguilar is Commissioner of Citizenship & Immigration Services, the agency within the Department of Homeland Security to whom the Secretary's authority has in part been delegated, and is subject to the Secretary's supervision.

5. Defendant District Director Dorochoff is an official of the Citizenship & Immigration Services, Department of Homeland Security generally charged with supervisory authority over all operations of the INS within her District, which comprises the Northern District of Illinois, with certain specific exceptions not relevant here. 8 CFR §103.1(g)(2)(ii)(B). Defendant District Director is the official with whom Plaintiffs' application for lawful permanent resident status is pending since his relocation to Chicago.

6. Defendant Mueller is the director of the Federal Bureau of Investigation, the agency to which has been delegated the duty of performing certain identity and background checks in conjunction with the adjudication of applications for adjustment of status to permanent resident of the United States.

## JURISDICTION

6. Jurisdiction in this case is proper under 28 USC §§1331 and 1361, 5 USC §701 *et seq.*, and 28 USC §2201 *et seq.* Relief is requested pursuant to said statutes.

3

## VENUE

7. Venue is proper in this court, pursuant to 28 USC §1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a Defendant resides.

## EXHAUSTION OF REMEDIES

8. Plaintiff has exhausted his administrative remedies. Plaintiff has, through his Member of Congress and on his own behalf, made numerous inquiries concerning the status of his applications to no avail.

## CAUSE OF ACTION

9. Plaintiff married a United States Citizen on June 19, 2000, and remains married to her. He has two minor children born in the United States of this marriage. His wife filed an I-130 petition for an immigrant visa for Plaintiff in November 2001, which petition has been approved. The petition was filed concurrently with Plaintiff's application for adjustment of status to permanent resident, which remains pending and unadjudicated and is the focus of this Complaint. Spouses of United States Citizens are regarded as immediate relatives under the immigration laws of the United States and no quota is applicable to them; a visa is always immediately available.

12. Plaintiff's application for adjustment of status have now remained unadjudicated for well over five and one half (5 ½) years. The usual time for adjudication of such an application in the Chicago office of Citizenship & Immigration Services, Department of Homeland Security, is 6 to 9 months.

13. Defendants have sufficient information to determine Plaintiff's eligibility pursuant to applicable requirements. Plaintiff has been fingerprinted numerous times and has no criminal record or other disqualifying circumstance as an impediment to adjustment of status. However, to date, said application has not been adjudicated.

14. Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law. Defendants willfully, and unreasonably, have delayed in and have refused to, adjudicate Plaintiff's application for over five and one half (5 ½) years, thereby depriving him of the right to a decision on his status and the peace of mind to which Plaintiff and his family are entitled.

15. Plaintiff has been damaged by the failure of Defendants to act in accord with their duties under the law.

    (a) So long as his application for adjustment of status is pending, his travel outside the United States for business or other purposes is restricted by federal regulation which requires special permission to travel abroad ("advance parole") during the pendency of such applications. 8 CFR §245.2(a)(4). Departure without the advance parole would be deemed an

5

abandonment of the permanent resident application. *Id.* Plaintiff must therefore repeatedly apply (and pay) for this special travel permission, and is unable to travel while said advance parole applications are pending. This situation operates to the great inconvenience and harassment of Plaintiff and his employer.

(b)  Plaintiff has further been damaged in that his employment authorization is tied to his status as applicant for permanent residency, and is limited to increments not to exceed one year. 8 CFR §274a.12(c)(9). Therefore, Plaintiff has been forced to repeatedly apply (and pay) for extensions of employment authorization, to the continued inconvenience and harassment of Plaintiffs and his employer, which is required by law to continually insure his work eligibility. INA §274A(a)(2), 8 USC §1324a(a)(2).

(c)  Plaintiffs have further been damaged by simply being deprived of the status of lawful permanent residents during the interminable pendency of his application.

16. The Defendants, in violation of the Administrative Procedure Act, 5 USC §701 *et seq.*, are unlawfully withholding or unreasonably delaying action on Plaintiff's application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case.

17. Plaintiff has, in his own behalf and through his Member of Congress, made numerous status inquiries in an attempt to secure adjudication of their applications,

all to no avail. Accordingly, Plaintiff has been forced to retain the services of an attorney to pursue the instant action.

### PRAYER

18. WHEREFORE, Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

   (a) requiring Defendants to adjudicate Plaintiff's application for adjustment of status;

   (b) awarding Plaintiff reasonable attorney's fees; and

   (c) granting such other relief at law and in equity as justice may require.

Respectfully submitted,

David Lehman
Attorney for Plaintiff

David Lehman Law Offices
55 W. Van Buren Suite 520
Chicago IL 60605-1110
312 360 0050
Attorney for Plaintiff

7